(No. 4788—

MICHAEL G. IVANCIC, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 16, 1960.*

*Petition of Claimant for Rehearing denied March 24, 1961.*

EUGENE M. SNARSKI AND LIDSCHIN AND PUCIN, Attorneys for Claimant.

WILLIAM L. GUILD, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, Michael G. Ivancic, seeks damages in an action based upon an alleged malicious prosecution by a State Trooper, Russell W. Ford, resulting from a jury finding claimant not guilty on a complaint charging him with disorderly conduct, which was signed by State Trooper Ford on April 29, 1957 before Justice of the Peace Emil Lindvahl in the City of Waukegan, Lake County, Illinois.

The facts appearing from the record are these:

On April 30, 1957, at about 12:20 A.M., State Police Officers Ford and Dagoes observed claimant in the drive

way of Bartell's Drive-In on Belvidere Road. His head was leaning partially out of the window. As the State Troopers pulled into the driveway, claimant proceeded to drive off. They followed claimant's car, and noted that it weaved across the center line on two or three occasions. On one occasion, he started to make a turn, and then turned back. The State Troopers then forced claimant's automobile to the curb. As claimant alighted from the car, Officer Ford noticed that claimant had vomited. Claimant informed Officer Ford that he was sick, and that he had had a couple of drinks before dinner, but that it was mainly the dinner that had made him ill. He was taken to the North Chicago Police Station, as the officers did not consider him capable of driving.

The North Chicago Police Station is approximately two miles southeasterly from the point of arrest and within a block or so of claimant's house. At the station claimant was advised to take the traffic ticket, which he was given, and go to his home. However, claimant refused to take the ticket, and wanted to be taken immediately before a judge. He was taken before Justice of the Peace Leroy Fritz of Wadsworth, Illinois. Wadsworth is approximately ten miles from the North Chicago Police Station.

Judge Fritz explained to claimant his rights. He then pleaded guilty, and paid a fine of $15.00 plus $5.00 costs.

The evidence as to what occurred before Judge Fritz and thereafter is in conflict. The evidence of respondent's witnesses, Judge Fritz and Trooper Ford, establish that claimant, in their presence and during the hearing before Judge Fritz, expressed himself repeatedly in vile and obscene language, including those classic four letter words of the gutter. He was informed by Judge Fritz on several occasions that the Judge's wife and

mother were in the adjoining room, and yet he persisted in a tone loud enough to be heard in the adjoining room until the Judge told him he would be held in contempt if he continued. After the hearing, at which time claimant pleaded guilty to the traffic violation, claimant and Officer Ford left the Fritz residence, and claimant re-embarked on his blasphemous course while in the State Trooper's automobile, at which time Trooper Ford informed him he was under arrest, took him to the Lake County Jail, and swore out a complaint charging claimant with disorderly conduct. Upon claimant's failing to make bond, he was placed in jail where he remained until 10 A.M. the next morning.

Claimant on the other hand testified that he at no time used such language. He stated that, when they arrived at the home of Judge Fritz, the Trooper and the Judge spoke together, and the Judge told him the fine was $20.00. He paid the money, obtained a receipt, and he and Trooper Ford left with Trooper Ford shoving him on the shoulder and saying, "Out with you." He stated that Trooper Ford then gave him another shove, and told him to get back in the car. He denied using any vile or obscene language in front of Trooper Ford.

On May 2, 1957, claimant was tried on the disorderly conduct charge, and found not guilty by a jury.

Claimant contends that, as a result of this disorderly conduct charge, he was embarrassed and humiliated before his friends, and that his insulin balance was upset, which resulted in injury to his person and body, inasmuch as he is a diabetic.

Both claimant and respondent agree as to the necessary elements of a malicious prosecution suit. In *Brandt* vs. *Brandt*, 286 Ill. App. 151, at page 162, the court stated: "It was necessary to prove that a proceeding was

begun; that it was against plaintiff and caused by defendant; that it terminated in favor of plaintiff; that it was begun without probable cause and with malice, and that damage resulted therefrom." Claimant has proven that a disorderly conduct proceeding was begun, that it was against him, and caused by an agent of respondent, namely, Trooper Ford. In the disorderly conduct proceeding, claimant was found not guilty.

These elements are established, but claimant's case must fail for the reason that it has not been established that malice and a lack of probable cause for the institution of the disorderly conduct charge existed.

The burden of proof is upon claimant to establish that Trooper Ford was actuated by malice, and had no probable cause to institute the disorderly conduct proceeding. If respondent's evidence is taken as true, there was probable cause for the arrest and prosecution of claimant for disorderly conduct, and the subsequent finding of not guilty is not significant on that question. Likewise, if claimant's testimony is taken as true, there would be no probable cause for the arrest and prosecution.

We see nothing in the record to lend more credence to claimant's version of the proceeding than to respondent's. In fact, if Trooper Ford had been inclined toward malice against claimant, it would be more likely that such a charge would have been filed before Judge Fritz rather than before Judge Lindvahl.

We, therefore, find that claimant has failed to bear his burden of proving the elements of his case, and this claim is denied.